IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| LORI BUCKLEY, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>FIRST GUARANTY MORTGAGE CORP.,<br><br>　　　　　　　　　Defendant. | CASE NO. |

**CLASS ACTION COMPLAINT**
**FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.**

Plaintiff Lori Buckley ("Plaintiff") alleges on behalf of herself and a putative class of similarly situated former employees of First Guaranty Mortgage Corporation ("Defendant") by way of this Class Action Complaint against Defendant as follows:

**NATURE OF THE ACTION**

1. The Plaintiff brings this action on behalf of herself, and other similarly situated former employees who worked for Defendant and who were terminated without cause as part of, or as the result of, mass layoffs or plant closings ordered by Defendant beginning on or about June 24, 2022, who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq., (the "WARN Act").

2. Plaintiff was terminated along with over 400 other similarly situated employees as part of, or as the foreseeable result of a mass layoffs or plant closings ordered by Defendant on

June 24, 2022.

3. The Defendant failed to give Plaintiff and other similarly situated employees of Defendant at least 60 days' advance notice of their terminations, as required by the WARN Act. Plaintiff and other similarly situated employees of Defendant seek their statutory remedies, pursuant to 29 U.S.C. § 2104.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 29 U.S.C. § 2104(a)(5).

5. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiff*

6. Plaintiff Lori Buckley was employed by Defendant as Senior Credit Policy Analyst from spring 2021 until June 24, 2022.

7. Plaintiff Buckley is a resident of the state of Texas.

8. Upon information and belief, Plaintiff Buckley received assignments from and reported to, Defendant's facility located at 5800 Tennyson Pkwy Suite 450, Plano, Texas.

9. On or about June 24, 2022, Plaintiff was notified of her termination effective immediately.

10. Plaintiff was terminated without cause.

11. At no time prior to June 24, 2022 did Plaintiff receive written notice that her employment would be terminated.

12. Plaintiff's last day of employment was June 24, 2022.

13. Along with Plaintiff, approximately 450 other employees of Defendant who worked at, reported to, or received assignments from the Defendant's facility in Plano, Texas, as

well as other sites including one in Henderson, Nevada and Fort Worth, Texas (collectively, the "Facilities") were terminated on or about June 4, 2021 without 60 days' advance written notice.

*Defendant*

14. Upon information and belief and at all relevant times, Defendant is a company that offers mortgage loans for home purchase and refinance throughout the United States, serving retail borrowers, correspondent, and wholesale mortgage customers.

15. Upon information and belief and at all relevant times, Defendant is a privately owned corporation.

16. Upon information and belief and at all relevant times, Defendant's headquarters are located at 5800 Tennyson Pkwy Suite 450, Plano, Texas.

17. Upon information and belief, Defendant also operated a facility located at 2200 Paseo Verde Pkwy Unit 210, Henderson, Nevada.

18. At all relevant times, Defendant conducted business in this district.

**FEDERAL WARN CLASS ALLEGATIONS**

19. Plaintiff brings the a claim for relief for violation of 29 U.S.C. § 2101 *et seq.*, individually and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at, received assignments from, or reported to one of Defendant's Facilities and were terminated without cause on or about June 24, 2022 and within 30 days of that date, or was terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about June 24, 2022 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

20. The persons in the WARN Class identified above ("WARN Class Members") are

so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated at about 400 individuals. On information and belief, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

21.  On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in Defendant's books and records.

22.  On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

23.  Common questions of law and facts exist as to members of the WARN Class, including, but not limited to, the following:

> (a)  whether the members of the WARN Class were employees of Defendant who worked at, received assignments from, or reported to the Facilities;
>
> (b)  whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act;
>
> (c)  whether Defendant's unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act; and

24.  Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at, received assignments from, or reported to one of the Facilities and was terminated without cause on or about June 24, 2022 due to the mass layoffs and/or plant closings ordered by Defendant.

25.  At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until Defendant

decided to order a mass layoffs or plant closings at the Facilities.

26. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

27. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and facts common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

28. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

29. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF
### Violation of the WARN Act, 29 U.S.C. § 2104

30. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

31. At all relevant times, Defendant employed more than 100 employees who in the

aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

32. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoffs or plant closings at the Facilities.

33. At all relevant times, Plaintiff and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

34. On or about June 24, 2022, Defendant ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

35. The mass layoffs or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

36. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

37. Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

38. Defendant was required by the WARN Act to give Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

39. Defendant failed to give Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

40. Plaintiff and each of the Class Members are "aggrieved employees" of the

Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

41.     Defendant failed to pay Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of Plaintiff as Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A);

E. Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur in prosecuting this action, as authorized by the federal WARN Act, 29 U.S.C. § 2104(a)(6);

F. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

      G.      Such other and further relief as this Court may deem just and proper.

Dated: June 29, 2022

                                      Respectfully submitted,

                          By:    /s/ Jeffrey P. Prostok
                                      Jeffrey P. Prostok
                                      TX State Bar No. 16352500
                                      Matthew G. Maben
                                      TX State Bar No. 24037008
                                      **FORSHEY & PROSTOK, LLP**
                                      777 Main Street, Suite 1550
                                      Fort Worth, Texas 76102
                                      Telephone (817) 877-8855
                                      Facsimile: (817) 877-4151
                                      jprostok@forsheyprostok.com
                                      mmaben@forsheyprostok.com

                                      Jack A. Raisner
                                      René S. Roupinian
                                      **RAISNER ROUPINIAN LLP**
                                      270 Madison Avenue, Suite 1801
                                      New York, New York 10016
                                      Telephone: (212) 221-1747
                                      Facsimile: (212) 221-1747
                                      Email: rsr@raisnerroupinian.com
                                      Email: jar@raisnerroupinian.com

                                      *Attorneys for Plaintiff and the putative class*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 29, 2022, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case files system of the court. The electronic case system sent a "Notice of Electronic Filing" to individuals who have consented in writing to accept this Notice as service of this document by electronic means.

                                      /s/ Jeffrey Prostok
                                      Jeffrey Prostok